**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE JUSTICE OF THE PEACE COURT OF CHIVILCOY IN CHIVILCOY, ARGENTINA IN THE MATTER OF JORGE LUIS NICIEZA | Civil Action No. 26-5043 (SDW) (MAH)  OPINION |

### I.    INTRODUCTION

This matter comes before the Court on the *ex parte* Application[1] of the United States of America for an Order pursuant to 28 U.S.C. § 1782 for authorization to appoint Department of Justice Trial Attorney Agatha Koprowski to issue subpoenas to UBS Financial Services Inc. for documents and a requested affidavit concerning accounts held jointly by Jorge Luis Nicieza.  For the reasons set forth herein, the Court will **grant** the motion.

### II.    BACKGROUND

The evidence sought to be obtained from UBS Financial Services Inc. ("UBS") pertains to a request received from the Justice of the Peace Court of Chivilcoy in Chivilcoy, Argentina

---

[1] Courts presented with an *ex parte* application under § 1782 routinely allow the initial application to proceed on an *ex parte* basis.  *See, e.g., In re ex parte Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782,* No. 20-8444, 2020 WL 6129607, at *1 (D.N.J. Oct. 19, 2020) (granting *ex parte* application and noting that where application seeks issuance of a subpoena, which the receiving party may move to quash, that party's rights are not substantially affected); *In re Mesa Power Grp. LLC,* No. 11-280, 2012 WL 6060941, at *4 (D.N.J. Nov. 20, 2012) (granting *ex parte* application and reasoning that "[a]pplications pursuant to 28 U.S.C. § 1782 are frequently granted *ex parte* where the application is for the issuance of subpoenas and the substantial rights of the subpoenaed person are not implicated by the application."). However, other courts have allowed the party from whom the discovery is sought to intervene and oppose or otherwise respond to the initial application for § 1782 relief.  *In re JSC United Chem. Co. Uralchem*, No. 20-3651, 2020 WL 4251476, at *1 (D.N.J. July 24, 2020) (allowing party to be subpoenaed to intervene and oppose *ex parte* application under § 1782).

("Argentine Court").  Decl. of Trial Att'y Agatha Koprowski ("Koprowski Decl."), May 5, 2026, D.E. 1-4, ¶ 1.  The letter rogatory concerns the *Matter of Jorge Luis Nicieza*, a judicial proceeding in the Argentine Court with Foreign Reference Number 807/2019.  *Id.* ¶ 2.  The Argentine Court is investigating and determining the assets of the decedent, Jorge Luis Nicieza, in the adjudication of his inheritance proceedings.  Ex. A, D.E. 1-4, at 3.  The petitioners, Nora Vivian Nicieza and Nelly Zerbinatti, are domiciled in the District of Chivilcoy, Argentina.  *Id.*

The decedent held a sum of money in one or more UBS bank accounts in his name or in co-ownership with Silvia Beatriz Nicieza.  Ex. A, D.E. 1-4, at 3.  In connection with the inheritance proceeding, the Argentine Court issued a Letter of Request on March 12, 2026, seeking information from UBS.  Koprowski Decl., D.E. 1-4, ¶ 2.  The Letter of Request was issued pursuant to the Hague Evidence Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 ("Hague Evidence Convention").  The Letter of Request seeks information from UBS pertaining to transfer of the account's ownership and the balance and disposition of the funds as of the date of decedent's death.  Ex. A, D.E. 1-4.

On May 5, 2026, the United States filed the instant *ex parte* application to appoint Agatha Koprowski (Trial Attorney at the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance) as Commissioner for the purpose of obtaining the requested information by serving a subpoena to UBS.  Gov.'s Mem. of Law in Supp. of Appl. for Order Pursuant to 28 U.S.C. § 1782, May 5, 2026, D.E. 1-3, at 8-9.  The proposed subpoena contains an affidavit and interrogatories that mirror the information requested by the Argentine Court.  Ex. B, D.E. 1-4, at 12.

III.     ANALYSIS

The purpose of 28 U.S.C. § 1782 is "to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 247 (2004).  Section 1782 provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal."  The statute further prescribes that "any interested party" may make the application to "direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court."  *Id.*

### a.  Statutory Factors Under 28 U.S.C. § 1782

There are three statutory prerequisites which must be satisfied for the court to grant an application under § 1782:  "(1) the person from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or 'any interested person.'"  *In re Microsoft Corp.,* 428 F. Supp. 2d 188, 192 (S.D.N.Y. 2006) , *abrogated on other grounds by In re del Valle Ruiz*, 939 F.3d 520 (2d Cir. 2019); *accord In re Application for Discovery for Use in Foreign Proc. Pursuant to 28 U.S.C. § 1782*, No. 17-4269, 2019 WL 168828, at *5 (D.N.J. Jan. 10, 2019) (citing *In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998)).

Here, the Court is satisfied that the present application satisfies the "modest prima facie elements" of § 1782.  *In re Biomet Orthopaedics Switz. GmBh*, 742 F. App'x 690, 696 (3d Cir. 2018).  The Office of International Judicial Assistance mandates that requests for financial records should be executed in the district in which the financial institution's subpoena processing center is found.  Gov.'s Mem. of Law in Supp. of Appl. for Order Pursuant to 28 U.S.C. § 1782,

May 5, 2026, D.E. 1-3, at 5. Because UBS's subpoena processing center is in Weehawken, New Jersey, UBS is therefore found in the District of New Jersey and the first factor is satisfied. *Id.*

Discovery sought may be considered "for use" in a foreign proceeding if it "will be employed with some advantage or serve some use in the proceeding." *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015). The second factor is therefore met since the Letter of Request represents that the requested information will be used for the purpose of investigating and determining the assets of the decedent, Nicieza, in Argentina. Ex. A, D.E. 1-4, at 3. The third statutory prerequisite is also satisfied because the requesting party is the Argentine Court itself. *Id.*

### b. The *Intel* Discretionary Factors

The decision whether to grant an application pursuant to § 1782 is a discretionary one. *Intel Corp.*, 542 U.S. at 264; *In re Biomet Orthopaedics Switz. GmBh*, 742 F. App'x at 696. Therefore, even if the petitioner satisfies the above statutory prerequisites, the Court must also take into account the following considerations, which are commonly referred to as the *Intel* factors:

> (1) whether the evidence sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent [S]ection 1782 aid;
> (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;
> (3) whether the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States; [and]
> (4) whether the subpoena contains unduly intrusive or burdensome requests.

*In re O'Keeffe*, 646 F. App'x 263, 266 (3d. Cir. 2016) (citing *Intel Corp.*, 542 U.S. at 264-65). "A district court's discovery discretion under § 1782 'must be exercised in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in

4

our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 38 (2d Cir. 2017) (quoting *Mees*, 793 F.3d at 297-98).

In the present case, the Court is satisfied that the *Intel* factors weigh in favor of granting the request. The first factor considers whether the party from whom the discovery is sought is a participant in the foreign proceeding. "Resort to Section 1782 is disfavored when the targets of discovery are actual participants in the foreign proceeding." *Uralchem*, 2020 WL 4251476, at *6. "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel Corp.*, 542 U.S. at 264. Here, UBS is not a participant in the judicial proceedings in the Argentine Court. Gov.'s Mem. of Law in Supp. of Appl. for Order Pursuant to 28 U.S.C. § 1782, May 5, 2026, D.E. 1-3, at 7. Because UBS is physically located in Weehawken, New Jersey, they are likely outside the jurisdictional reach of the Argentine Court. *Id.* This is further evidenced by the Argentine Court's formal request under the Hague Evidence Convention for the aid of the United States in obtaining the evidence. Ex. B, D.E. 1-4, at 12.

Considering the nature of the Argentine Court and the character of the proceedings regarding Nicieza, there is nothing to suggest that the second of the *Intel* factors weighs against granting the Application. Absent evidence that the foreign tribunal would reject evidence obtained under § 1782, or that granting the application would contravene the laws or policies of the foreign tribunal or the United States, discovery into apparently relevant material under § 1782 should be allowed. *In re Bayer*, 146 F.3d at 195; *In re Esses*, 101 F.3d 873, 876 (2d Cir. 1996). Here, the request was initiated by the Argentine Court itself and not by an independent third party, Ex. B, suggesting that the Argentine Court is receptive to United States federal court

assistance.  Further, the content of the subpoena suggests that the requested information may be useful and relevant to the Argentine Court's probate proceedings regarding the decedent.

Regarding the third *Intel* factor, nothing in the record suggests an attempt to circumvent proof gathering restrictions or other policies of the Argentine Court by making the application under § 1782.  Here, the requester is the Argentine Court itself.  Courts generally find that a request by the foreign tribunal itself is a sufficient suggestion that there was no attempt to circumvent that foreign government's policies.  *See In re Request for Jud. Assistance from the Dist. Ct. in Svitavy, Czech Republic*, 748 F. Supp. 2d 522, 529 (E.D. Va. 2010).  When the foreign tribunal is the requester, the foreign nation's discovery rules are not jeopardized because "the foreign court is, presumably, the arbiter of what is discoverable under its procedural rules." *In re Letter Rogatory From First Ct. of First Instance in Civ. Matters, Caracas, Venez.*, 42 F.3d 308, 311 (5th Cir. 1995).

There is also sufficient assurance that this application under § 1782 is not an attempt to circumvent proof gathering policies of the United States.  Although the records sought in this case from UBS, a qualifying financial institution under the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401-23, are the financial records of one of their customers, the protections of RFPA do not apply.  Because the foreign court could obtain these records by appointing a private commissioner, which would not be restricted by RFPA, its restrictions do "not apply to court-appointed commissioners, who would otherwise qualify as 'government authorities' under the RFPA, when they seek information from financial institutions with court-ordered subpoenas." *Young v. U.S. Dep't of Just.*, 882 F.2d 633, 639 (2d Cir. 1989).  Accordingly, the Court is satisfied that the third *Intel* factor weighs in favor of the Application.

6

The final *Intel* factor requires a court assessing an application under § 1782 to "assess whether the discovery sought is overboard or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure."  *Mees*, 793 F.3d at 302;  *see also In re ex parte Glob. Energy Horizons Corp.*, 647 F. App'x 83, 85-86 (3d Cir. 2016) ("Section 1782 expressly incorporates the Federal Rules of Civil Procedure and the fourth factor aligns with Rules 26 and 45.").  The requested discovery must be "'reasonably calculated to lead to the discovery of admissible evidence' pursuant to Rule 26, and must be designed 'to avoid imposing undue burden or expense on a person subject to the subpoena' under Rule 45."  *In re Application for Discovery for Use in Foreign Proc. Pursuant to 28 U.S.C. § 1782*, 2019 WL 168828, at *12 (quoting *Glob. Energy Horizons Corp.*, 647 F. App'x at 86).  The Court is obligated to consider whether the information sought in the subpoena is overly broad, oppressive, or disproportional to the needs of the case.  *Id.* at 13.  In the present case, the requested information from UBS pertains to bank accounts held by the decedent, Nicieza.  Because this information is likely to be of the type that UBS routinely produces and has access to in their regular course of business, it is unlikely to impose a burden on UBS or be unduly intrusive.

## IV.   CONCLUSION

For the reasons set forth above, the Court will **grant** the Application.  An appropriate Order will issue.

*s/ Michael A. Hammer*
**United States Magistrate Judge**

Dated: June 16, 2026